UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:09-00049-1 |
| ) | Chief Judge Haynes |
| SYTHONG THANNAVONG ) | |
| a/k/a Sythong Sanders ) | |

DEFENDANT'S SUPPLEMENT TO SENTENCING MEMORANDUM

Defendant would add the following to her earlier-filed sentencing memorandum.

**IV. Deterrence Is Not Accomplished by Longer Sentences.**

Contrary to the approach taken by the Sentencing Commission, increasing the length of sentence does not increase the deterrent effect of punishment. Current empirical research on general deterrence shows that while certainty of punishment has a deterrent effect, 'increases in severity of punishments do not yield significant (if any) marginal deterrent effects. Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime and Justice: A Review of Research 28-29 (2006); see also Andrew von Hirsh et al., *Criminal Deterrence and Sentence Severity: An Analysis of Recent Research* (1999); David Weisburd et al., *Specific Deterrence in a Sample of Offenders Convicted of White Collar Crimes*, 33 Criminology 587 (1995). Another review of this issue concluded: "'There is generally no significant association between perceptions of punishment levels and

actual levels . . . implying that increases in punishment levels do not routinely reduce crime through general deterrence mechanisms. Gary Kleck et al., *The Missing Link in General Deterrence Theory*, 43 Criminology 623 (2005). A study involving federal white collar offenders (presumably the most rational of potential offenders) in the pre-guideline era found no difference in deterrence even between probation and imprisonment.

In addition to the studies cited above, Judge Weinstein in United States v. Bannister, 786 F.Supp.2d 617, 660 (E.D.N.Y. 2011), cites to Steven N. Durlauf & Daniel S. Negin, *Imprisonment and Crime: Can Both be Reduce?*, 10 Criminology & Pub. Pol'y 13, 37 (2011), and Valerie Wright, Sentencing Project, *Deterrence in Criminal Justice: Evaluating Certainty v. Severity of Punishment* 8 (2010), available at http://www.sentencingproject.org/doc/Deterrence%20Briefing% 20.pdf, for the same proposition.

> Respectfully submitted,
>
> s/ *Sumter L. Camp*
> SUMTER L. CAMP
> Assistant Federal Public Defender
> Attorney for Defendant
> 810 Broadway Suite 200
> Nashville, TN  37203
> 615-736-5047

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2012, I electronically filed the foregoing *Supplement to Sentencing Memorandum* with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to the following: **Lynne T. Ingram**, Assistant United States Attorney, 110 9th Avenue South, Suite A961, Nashville, Tennessee 37203;

s/ *Sumter L. Camp*
SUMTER L. CAMP